UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN,<br><br>             Petitioner,<br><br>       v.<br><br>KATHLEEN ALLISON,<br><br>             Respondent. | No. 2:22-cv-01423-EFB (HC)<br><br><br>ORDER |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition lists the following ground for relief: "unauthorized sentence may be corrected at any time for due process." ECF No. 1 at 5.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief because the petition is barred by the statute of limitations.[2]

---

[1] He has paid the filing fee.

[2] This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency).

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases, the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

On May 23, 2007, petitioner was convicted of three counts of lewd acts with a child and two counts of forcible rape, with the jury finding true the enhancement that petitioner had suffered a prior "strike" conviction. ECF No. 1 at 1, 10, 12 (all referencing Sacramento County Superior Court Case Number 06F05709). On September 28, 2007, petitioner was sentenced to an aggregate term of 54 years and four months to life in state prison. *Id.* Review of the California Courts Case Information website shows that on January 15, 2009, the Court of Appeal for the Third Appellate District affirmed his conviction, and on April 15, 2009, the California Supreme Court denied his petition for review.[3] Consequently, petitioner's state court judgment became final ninety days later, on July 14, 2009, after the time to seek review from the United States Supreme Court by way of a petition for writ of certiorari ended.[4] *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari . . . the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired.").

Petitioner filed his federal habeas petition on July 25, 2022, over thirteen years after his criminal conviction became final. ECF No. 1 at 28. Petitioner's contention that an unlawful sentence may be corrected at any time relies exclusively on *state* law, *see id.* at 8, and does not

---

[3] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Petitioner states that he did not file a petition for writ of certiorari. ECF No. 1 at 3.

affect the application of the *federal* statute of limitations, which is governed by the time requirement set forth in 28 U.S.C. 2244(d)(1). Petitioner advances no argument as to why his petition ought to be considered timely filed pursuant to the federal statute of limitations. *See* ECF No. 1 at 25. Moreover, petitioner does not seek, nor has he demonstrated that he is eligible for any form of statutory or equitable tolling. Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore, petitioner must explain to this court how his petition complies with the relevant statute of limitations.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition as untimely. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: November 28, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE